**David Allen NAFF, Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–96–159–CR to 2–96–162–CR.**

Court of Appeals of Texas,
Fort Worth.

May 15, 1997.

Rehearing Overruled Aug. 14, 1997.

530

David Allen Naff, Watagua, for Appellant.

Gregory D. Humbach and Jim L. Finley, Office of the City Attorney, Wichita Falls, for Appellee.

Before DAY, LIVINGSTON and RICHARDS, JJ.

## OPINION

PER CURIAM.

Appellant David Allan Naff was convicted in the municipal court for four offenses: (1) failure to maintain financial responsibility; (2) no valid driver's license; (3) no valid motor vehicle inspection, and 4) no valid vehicle registration. The court fined him $440 for failure to maintain financial responsibility, $265 for having no valid driver's license, $268 for having no valid motor vehicle inspection, and $268 for having no valid vehicle registration. Naff appealed these judgments to the county court at law where all four convictions were affirmed.

Naff appeals the county court at law's judgments and raises three points of error. He complains that he was denied due process because: (1) the proceedings were conducted with defective complaints that were not properly sworn; (2) the city attorney or his deputy represented the State in the prosecution; and (3) the State is attempting to convert his right to travel to a privilege. We affirm the judgment of the trial court.

### DEFECTIVE COMPLAINTS

■ The complaints sworn against Naff were sworn to by Kathy Reed, the municipal court prosecutor's secretary, based on the information she received from the police officer's ticket. Naff received copies of all four complaints before trial. Naff contends these complaints are not valid because Reed had no firsthand knowledge of the events alleged in the complaints. We note that Naff cites no authority supporting his proposition that complaints must be sworn by affiants with direct knowledge. Failure to cite authority leaves nothing for our review. *McWherter v. State,* 607 S.W.2d 531, 536 (Tex.Crim.App. 1980). However in the interest of justice, we will address his point of error.

■ Article 15.05 of the Texas Code of Criminal Procedure provides the requirements for a complaint:

The complaint shall be sufficient, without regard to form, if it have these substantial requisites:

1. It must state the name of the accused, if known, and if not known, must give some reasonably definite description of him.

2. It must show that the accused has committed some offense against the laws of the State, either directly or that the affiant has good reason to believe, and does believe, that the accused has committed such offense.

3. It must state the time and place of the commission of the offense, as definitely as can be done by the affiant.

4. It must be signed by the affiant by writing his name or affixing his mark.

TEX.CODE CRIM.PROC.ANN. art. 15.05 (Vernon 1977). The complaints in this case met all these requirements. The requirements for a complaint used as a misdemeanor charging instrument are not as stringent as the requirements for a complaint or affidavit for a search warrant. *See Vallejo v. State,* 408 S.W.2d 113, 114 (Tex.Crim.App.1966); *Rose v. State,* 799 S.W.2d 381, 384 (Tex.App.— Dallas 1990, no pet.). A complaint's purpose is to inform an accused of the facts surrounding the offense charged so he may prepare a defense. *See Chapa v. State,* 420 S.W.2d 943, 944 (Tex.Crim.App.1967); *Kindley v. State,* 879 S.W.2d 261, 263 (Tex.App.—Houston [14th Dist.] 1994, no pet.); *Rose,* 799 S.W.2d at 384. It is the defendant's burden to prove a complaint is defective. *See Kindley,* 879 S.W.2d at 263; *Bagsby v. State,* 721 S.W.2d 567, 569 (Tex.App.—Fort Worth 1986, no pet.).

■ A complaint that is valid on its face is sufficient to support a prosecution by complaint. *See Wells v. State,* 516 S.W.2d 663, 664 (Tex.Crim.App.1974). There is no requirement that the affiant have firsthand knowledge. Moreover, the court need not inquire into the nature of the knowledge on which an affiant bases her statements. *See id.; Rose,* 799 S.W.2d at 384. An affiant is permitted to base the accusations in a complaint on information derived from a police report. *See id.*

■ Here, the affiant swears that she has good reason to believe and does believe that Naff: (1) failed to maintain financial responsibility; (2) had no valid driver's license; (3)

had no valid motor vehicle inspection; and (4) had no valid vehicle registration. This corresponds to the information on the citations issued to Naff by the police officer. Naff failed to show that the complaints did not adequately inform him of the charges against him or that they were invalid on their face. Accordingly, we overrule his first point of error.

#### STATE'S ATTORNEY

In his second point of error, Naff argues that he was denied due process because the city attorney or his deputy represented the State in its prosecution of his complaints. He argues that under article V, section 21 of the Texas Constitution, only the county or district attorney may represent the State.

Article V, section 21 of the Texas Constitution provides:

A County Attorney, for counties *in which there is not a resident Criminal District Attorney,* shall be elected by the qualified voters of each county, who shall be commissioned by the Governor, and hold his office for the term of four years. In case of vacancy the Commissioners Court of the county shall have the power to appoint a County Attorney until the next general election. The County Attorneys shall represent the State in all cases in the District and inferior courts in their respective counties; *but if any county shall be included in a district in which there shall be a District Attorney, the respective duties of District Attorneys and County Attorneys shall in such counties be regulated by the Legislature.* The Legislature may provide for the election of District Attorneys in such districts, as may be deemed necessary, and make provision for the compensation of District Attorneys and County Attorneys. District Attorneys shall hold office for a term of four years, and until their successors have qualified.

TEX. CONST. art. V, § 21 (emphasis added).

Section 44.001 of the Texas Government Code provides that the citizens of Wichita county elect a criminal district attorney. *See* TEX.GOV'T CODE ANN. § 44.001 (Vernon Supp.1997). Accordingly, there is no constitutional county attorney in Wichita County.

Thus, under the plain language of the constitutional provision, the duties of the district attorney shall be regulated by the Legislature. *See* TEX. CONST. art V, § 21. In the Texas Code of Criminal Procedure, the legislature has provided:

All prosecutions in a municipal court *shall be conducted by the city attorney* of such city, town or village, *or by his deputy.* The county attorney of the county in which said city, town or village is situated may, if he so desires, also represent the State in such prosecutions.... The county attorney shall have no power to dismiss any prosecution pending in said court unless for reasons filed and approved by the judge. With the consent of the county attorney, appeals from municipal court to a county court, county court at law, or any appellate court may be prosecuted by the city attorney or his deputy.

TEX.CODE CRIM.PROC.ANN. art. 45.03 (Vernon Supp.1997) (emphasis added); *see Thornton v. State,* 778 S.W.2d 149, 150–51 (Tex.App.—Eastland 1989, no pet.).

We hold that when a city attorney or his deputy represents the State in a municipal court proceeding it does not violate article V, section 21 of the Texas Constitution and, thus, does not violate the defendant's due process rights. Accordingly, we overrule Naff's second point of error.

#### RIGHT TO TRAVEL

In his final point of error, Naff argues that the State is violating his due process rights by attempting to convert his right to travel to a privilege. He contends that his convictions should be overturned because they violate his right to travel. Naff cites various cases that state the right to travel may not be abridged or a property right may not be infringed. *See, e.g., United States v. Guest,* 383 U.S. 745, 759, 86 S.Ct. 1170, 1178–79, 16 L.Ed.2d 239, 250 (1966) (civil rights of minorities violated by denying them the right to travel freely by use of threats and violence); *Kent v. Dulles,* 357 U.S. 116, 129–30, 78 S.Ct. 1113, 1120, 2 L.Ed.2d 1204, 1212–13 (1958) (right to travel denied by refusing passports to persons because they failed to

register as communists); *Spann v. City of Dallas,* 111 Tex. 350, 357–58, 235 S.W. 513, 516 (1921) (land use regulations infringe on property rights). No authority cited by Naff holds that the State may not use its police power to regulate the registration of vehicles, the inspection of vehicles, the licensing of drivers, or the requirement that drivers provide proof of financial responsibility.

 Driving an automobile on Texas highways is a privilege. It is not property or a property right. This privilege is subject to reasonable regulation under the State's police power in the interest of the welfare and safety of the general public. *See Gillaspie v. Department of Public Safety,* 152 Tex. 459, 466, 259 S.W.2d 177, 182 (1953); *Taylor v. State,* 151 Tex.Crim. 568, 570, 209 S.W.2d 191, 192 (App.1948) (op. on reh'g); *Coyle v. State,* 775 S.W.2d 843, 846 (Tex.App.—Dallas 1989, no pet.). Thus, regulating licensing, inspection, and registration laws and requiring proof of financial responsibility as a protection for Texas citizens is a proper subject of the State's police powers and not a denial of due process. *See Gillaspie,* 259 S.W.2d at 182; *Riggle v. State,* 778 S.W.2d 127, 129 (Tex.App.—Texarkana 1989, no pet.). Therefore, we overrule Naff's third point of error and affirm the judgment of the trial court.

CONCLUSION

In summary, there is no requirement that an affiant swearing a complaint have first-hand knowledge, and Naff failed to show that the complaints did not adequately inform him of the charges against him or that they were invalid on their face. Additionally, in counties where there is a district attorney, the Texas Constitution permits the legislature to regulate the district attorney's duties. Thus, it is permissible for the legislature to require that the city attorney or his deputy, rather than the district attorney, prosecute matters in a municipal court. Furthermore, driving an automobile on Texas highways is a privilege subject to reasonable regulation under the State's police power in the interest of the welfare and safety of the general public. Accordingly, we overrule all points of error and affirm the judgment of the trial court.