Jennifer Louise Bell v. The State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-084-CR

Â Â Â Â Â JENNIFER LOUISE BELL,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the County Court at Law No. 2
 McLennan County, Texas
Trial Court # 980304 CR2 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Jennifer Bell was convicted of three traffic violations in the Hewitt Municipal Court. She
appealed the convictions and was tried de novo in the County Court at Law No. 2 of McLennan
County. This appeal covers one of those convictions. Bell appeals on five points. 
Â Â Â Â Â Â Bell's first point asserts that the âoriginal trial court lacked jurisdiction over unsworn
'complaint.'â She argues that the arresting officer testified in the municipal court that he did not
âraise [his] hand and swear to these complaints.â
Â Â Â Â Â Â Proceedings in municipal courts are commenced by complaint. Tex. Code Crim.. Proc.
Ann. art. 45.01 (Vernon Supp. 1998). These complaints may be sworn to before any officer
authorized to administer oaths, the municipal judge, the court clerk or his deputy, the city attorney
or his deputy, or the city secretary. Id.
Â Â Â Â Â Â The clerk's record contains two copies of the complaint: one dated June 20, 1997, and one
dated December 8, 1997. Both are signed by Officer Robert Summers and âsworn to and
subscribed beforeâ Cathy Miller, the clerk of the municipal court. No statement of facts exists
from the municipal court hearing. At the trial de novo, Officer Summers did not agree with Bell's
recitation of his testimony in municipal court. Officer Summers stated that he had signed the same
complaints against Bell three to four times. He testified that he had sworn to the information again
the day of the trial de novo. 
Â Â Â Â Â Â We believe the evidence is sufficient to show that the complaint was properly verified. We
overrule point one. 
Â Â Â Â Â Â Her second point asserts that both the Hewitt Municipal Court and the County Court at Law
No. 2 âlack personam jurisdiction of the State.â Bell argues that the State should have been
represented by the McLennan County District Attorney rather than the Hewitt city attorney. 
Â Â Â Â Â Â Bell argues that article V, section 21, of the Texas Constitution mandates that a county or
district attorney represent the State in all criminal cases. Tex. Const. art. V, Â§ 21. That
constitutional provision states: âif any county shall be included in a district in which there shall
be a District Attorney, the respective duties of District Attorneys and County Attorneys shall in
such counties be regulated by the Legislature.â Id. 
Â Â Â Â Â Â The Legislature has provided for prosecutions in municipal courts:
Â 
All prosecutions in a municipal court shall be conducted by the city attorney of such
city, town or village, or by his deputy. . . . With the consent of the county attorney,
appeals from municipal court to a county court, county court at law, or any appellate
court may be prosecuted by the city attorney or his deputy. 

Tex. Code Crim. Proc. Ann. art. 45.03 (Vernon Supp. 1998). We agree with the Fort Worth
Court which has already visited this question in Naff v. State, 946 S.W.2d 529, 532 (Tex.
App.âFort Worth 1997, no pet.). A city attorney's representation for the State does not violate
the Texas Constitution nor Bell's due process rights. We overrule point two.
Â Â Â Â Â Â Bell's third point asserts âimproperly set forum.â She argues that the City of Hewitt controls
both the municipal prosecutor and the municipal judge in violation of due process. She further
states that the municipal court has been âtransformed into a forum where all officers are illegally
controlled by the city council, (for the purpose of illicit revenue raising).â
Â Â Â Â Â Â The State responds that the convictions before us are from the County Court at Law No. 2;
that the presiding judge of that court is paid by McLennan County; and that therefore there is no
issue of judicial influence or partiality. We agree with the State and overrule point three.
Â Â Â Â Â Â Bell's fourth point asserts that the Hewitt City Court is âsubverted to produce convictions and
illegal revenue to cities and city attorneys.â She reiterates some of her arguments under points
two and three.
Â Â Â Â Â Â The Legislature has provided for proceedings in municipal courts. Tex. Code Crim. Proc.
Ann. arts. 45.01-.56 (Vernon 1979 & Supp. 1998). Incorporated cities may pass ordinances and
collect fines imposed by municipal courts. Id. art. 45.06. We do not find that these statutory
provisions violate Bell's due process. We overrule point four.
Â Â Â Â Â Â Bell's final point asserts that Kathleen Dow acted as the Hewitt City Attorney but is also the
Municipal Judge of Bellmead. She asserts that by holding both offices, Dow is in violation of the
Texas Constitution. Tex. Const. art. XVI, Â§ 40. Article XVI, section 40, prohibits a person
from holding more than one civil office at a time. Id. Section 40 also provides: â[A] nonelective
State officer may hold other nonelective offices under the State . . . if the other office is of benefit
to the State of Texas . . . and there is no conflict with the original office for which he receives
salary or compensation.â Id.
Â Â Â Â Â Â A municipal judge, whether elected or appointed, full or part-time, holds a âpublic office.â 
Op. Tex. Att'y Gen. No. DM-428 (1996). However, an assistant district attorney does not hold
office. Id. (citing State ex rel., Hill v. Pirtle, 887 S.W.2d 921, 931 (Tex. Crim. App. 1994). If
Dow is an assistant prosecutor, she is not prohibited by section 40. Furthermore, even if both
positions are âoffices,â Dow may hold both if it benefits the State and there is no conflict. Id.;
Tex. Const. art. XVI, Â§ 40. We do not find the type of conflicting loyalties which would
prohibit Dow from prosecuting for the City of Hewitt.
Â Â Â Â Â Â We overrule point five and affirm the judgment.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BILL VANCE
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Justice Vance
Â Â Â Â Â Â (Justice Cummings not participating)
Affirmed
Opinion delivered and filed January 20, 1999
Do not publish



MsoNormal> Justice

Â 

Before Chief Justice Gray,

   Justice Vance, and 

Â Â Â Â Â Â Â Â Â  Justice Reyna

Affirmed

Opinion delivered and filed November
 3, 2004

Do not publish

[CR25]