**Tommy E. MARTIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 05–99–00523–CR, 05–99–00524–CR.**

Court of Appeals of Texas, Dallas.

Feb. 4, 2000.

Tommy E. Martin, Lake Dallas, for appellant.

Candace L. Chappell, Asst. City Atty., Irving, for State.

Before Justices LAGARDE, JAMES, and ROACH.

## OPINION

Opinion By Justice LAGARDE.

Tommy E. Martin was convicted by a jury in municipal court for running a red light and making an illegal left turn. The jury assessed appellant's punishment at a $200 fine in each case. The Dallas County Criminal Court of Appeals affirmed appellant's convictions, and appellant now appeals to this Court. Appellant brings four issues asserting: (1) the Irving Municipal Court is not constitutionally created; (2) the State was not represented at the trial; (3) the complaints were void; and (4) the evidence is legally insufficient to support his convictions. We resolve the issues against appellant and affirm the judgments of the county criminal court of appeals.

## FACTUAL BACKGROUND

On April 1, 1998, appellant was driving down Belt Line Road in the City of Irving. He approached the intersection with Country Club Road intending to turn left onto Country Club Road. The designated left-turn lane had a red light and the remaining lanes had green lights. Appellant did not get into the left-turn lane, but drove into the intersection from one of the regular lanes and then made a left turn. Irving Police Officer Monty Vincent witnessed appellant making a left turn from a lane other than the left-turn lane and noted the left-turn lane had a red light at the time.

Vincent stopped appellant and issued him citations for running a red light and making an illegal left turn.

Appellant received a jury trial in the Irving Municipal Court of Record. The jury found him guilty in both cases and assessed his punishment in each case at a fine of two hundred dollars.

## BRIEFING

After being convicted in the municipal court of record, appellant perfected his appeals to the Dallas County Criminal Court of Appeals. Appellant and the State filed briefs, and the judge delivered opinions and judgments affirming appellant's convictions. Appellant then perfected his appeals to this Court, and he and the State filed additional briefs with this Court.

■ The Irving Municipal Court of Record Act, in effect at the time appellant committed these offenses,[1] requires that the briefs used in the county criminal court of appeals shall be the briefs used in this Court. *See* Tex. Gov't Code Ann. § 30.00101 (repealed; current version at Tex. Gov't Code Ann. § 30.00027(b)(1) (Vernon Supp.2000)). Therefore, we strike the briefs filed in this Court and consider only the briefs filed with the county criminal court of appeals.

1. Act of May 19, 1995, 74th Leg., R.S., ch. 477, § 1, 1995 Tex. Gen. Laws 3195, *renumbered by* Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 8.05, 1997 Tex. Gen. Laws 327, 389, *repealed in part and amended by* Act of May 27, 1999, 76th Leg., R.S., ch. 691, §§ 5–8, 139(2), 1999 Tex. Gen. Laws 3263, 3271–72, 3290. Prior to September 1, 1999, each municipality authorized to have a municipal court of record had its independent subchapter of chapter 30 of the government code, which authorized the governing body of the municipality to create a municipal court of record and established certain provisions for the court. With the legislation effective September 1, 1999, subchapter A authorizes all municipalities listed in chapter 30 to create municipal courts of record and sets out provisions governing all the municipal courts of

## CONSTITUTIONALITY OF THE IRVING MUNICIPAL COURT

■ In his first issue, appellant asserts the court in which he was convicted was not constitutionally created because: (1) the legislation authorizing the Irving City Council to establish the court was an unconstitutional local or special law; and (2) it was established through an unconstitutional delegation of authority by the Texas Legislature to the Irving City Council. *See* Tex. Const. art. III, § 56; art. V, § 1.

Article five, section one of the Texas Constitution vests the judicial power of the State in the supreme court, the court of criminal appeals, courts of appeals, district courts, county courts, commissioners courts, courts of justice of the peace, "and in such other courts" as are designated by law. *See id.* art. V, § 1, ¶ 1. The section then provides that the legislature may establish "such other courts" as it deems necessary. *See id.* art. V, § 1, ¶ 2. In 1899, the legislature first established municipal courts, which were then called "corporation courts." *See* Act Creating and Establishing Corporation Courts, 26th Leg., R.S., ch. 33, § 1, 1899 Tex. Gen. Laws 40, 40. The current statute provides, "A municipal court is created in each municipality. A reference in state law to a 'corporation court' means a 'municipal

record. *See* Tex. Gov't Code Ann. §§ 30.00001–.00027 (Vernon Supp.2000). Each municipality then has a separate subchapter containing provisions specific to that municipality. *See generally id.* §§ 30.00041–.3604. Thus, the authority for the City of Irving to create municipal courts of record and the provisions governing it are now in subchapter A, sections 30.00001–.00027 (general provisions for all municipal courts of record), and in subchapter C, sections 30.00081–.00086 (specific provisions for municipal courts of record in the City of Irving).

Unless otherwise noted, references to the Irving Municipal Court of Record Act will be to the version in effect at the time of the offenses and the proceedings below, which is the version as renumbered in 1997 by the 75th Legislature in chapter 165, section 8.05.

court.'" TEX. GOV'T CODE ANN. § 29.002 (Vernon 1988).

In 1995, the legislature passed Senate Bill 753, creating subchapter A–1 to chapter 30 of the Texas Government Code. That provision applied only to the City of Irving and provided, "The governing body of the city may by ordinance create a municipal court of record. . . ." TEX. GOV'T CODE ANN. § 30.00082(a) (repealed). The statute requires that "[t]he ordinance establishing the courts shall give each court a numerical designation, beginning with 'Municipal Court of Record No. 1.'" *See id.* The statute also provides that a municipal court of record may not exist concurrently with a municipal court that is not a court of record. *See id.* § 30.00082(b) (repealed). The remainder of the statute defines the jurisdiction, personnel, and procedures for the court. *See id.* §§ 30.00083–.00101 (repealed in part and amended in part). On December 7, 1995, the Irving City Council passed an ordinance implementing Senate Bill 753 establishing "the Irving Municipal Court of Record No. 1 and the Irving Municipal Court of Record No. 2." Irving, Tex., Ordinance 6712 (Dec. 7, 1995).

■ Appellant asserts the court in which he was convicted was not a constitutionally valid court because the limitation of the applicability of Senate Bill 753 to the City of Irving makes it a local or special law prohibited by article three, section fifty-six of the constitution, which states,

> The Legislature shall not, *except as otherwise provided in this Constitution,* pass any local or special law, authorizing: . . . Regulating the practice or jurisdiction of, or changing the rules of evidence in any judicial proceeding or inquiry before courts. . . .

TEX. CONST. art. III, § 56 (emphasis added). Article five, section one, authorizes the legislature to establish "such other courts" as it deems necessary, including courts limited to a particular geographical jurisdiction. *See id.* art. V, § 1; *Allison v. State,* 127 Tex.Crim. 322, 76 S.W.2d 527, 528 (1934) (creation of Tarrant County Court at Law No. 1 was not unconstitutional as a local or special law), *appeal dism'd,* 295 U.S. 717, 55 S.Ct. 828, 79 L.Ed. 1672 (1935). Therefore, because the authority to pass a statute limited to the City of Irving for the purpose of establishing courts in the City of Irving was "otherwise provided in this Constitution," Senate Bill 753 does not violate article three, section fifty-six. Appellant's argument lacks merit.

■ Appellant also argues the Irving Municipal Court of Record was unconstitutionally created because it was created by the Irving City Council and not by the legislature. He argues Senate Bill 753 constitutes a delegation by the legislature to the Irving City Council of the legislature's inherent authority to create or establish courts, which, appellant asserts, is prohibited by article five, section one of the constitution.

■ The legislature cannot delegate its inherent, exclusive powers. *See Trimmier v. Carlton,* 116 Tex. 572, 590–91, 296 S.W. 1070, 1079 (1927). The authority to establish courts is one of those inherent, exclusive powers. *See Reagan v. City of Texarkana,* 238 S.W. 717, 719 (Tex.Civ. App.-Texarkana 1922), *aff'd,* 112 Tex. 317, 247 S.W. 816 (1923). Although the legislature cannot delegate its inherent authority to pass a law, it can delegate the authority to make a fact finding essential to the operation of the law if the fact is one the legislature cannot practicably and efficiently determine. *See Housing Auth. v. Higginbotham,* 135 Tex. 158, 171, 143 S.W.2d 79, 87 (1940); *Trimmier,* 116 Tex. at 591, 296 S.W. at 1079. The legislature may make the applicability of the law subject to this fact finding. *See Housing Auth.,* 135 Tex. at 172, 143 S.W.2d at 87; *Trimmier,* 116 Tex. at 591, 296 S.W. at 1080; *Reynolds v. Dallas County,* 203 S.W.2d 320, 324 (Tex.Civ.App.-Amarillo 1947), *certified question answered,* 146

Tex. 372, 207 S.W.2d 362 (1948). This situation usually applies to matters of local concern. *See Trimmier,* 116 Tex. at 591, 296 S.W. at 1080. This delegated authority is an exception to the general limitations of the constitution and "is merely tantamount to saying that the Constitution itself does not require the impracticable or the impossible." *Id.* 116 Tex. at 596, 296 S.W. at 1082. The exercise of this delegated authority must be based on standards established by the legislature. *See Housing Auth.,* 135 Tex. at 172, 143 S.W.2d at 87.

In this case, Senate Bill 753 sets out the structure for the Irving municipal court of record, including the name of the court; the court's jurisdiction; the municipal judge's qualifications, method of selection, term, and determining of compensation for the judge; the appointment of alternate judges; the appointments of the clerk and court reporter; and the procedures for trial in and appeal from the municipal court of record. *See* TEX. GOV'T CODE ANN. §§ 30.00081–.00101 (repealed). The legislature delegated to the city's governing body the authority to determine *only:* (1) whether the formation of a municipal court of record is necessary to provide a more efficient disposition of cases arising in the city; (2) the number of courts necessary; (3) the selection of the judges; and (4) the judge's and court reporter's compensation. *See id.* §§ 30.00082(a), .00084(b), (c), (f), (g), & (i), .00086(a) (repealed and amended). Upon determining the limited facts permitted by the statute, the city may then implement the municipal courts of record that the legislature established by passing the statute.

Although Senate Bill 753 states the city may "*create* a municipal court of record" and "*establish* as many as are needed," that delegated and limited authority is not the same as the legislature's inherent, nondelegable authority to "establish such other courts as it may deem necessary." Senate Bill 753 does not delegate to the city's governing body any authority or discretion

beyond the narrowly defined areas, listed above. All of these matters require local decisions that would be inefficient or impracticable for the legislature to make. Therefore, the delegation of the authority to make these decisions does not constitute the delegation of the inherent authority to make laws. *See Housing Auth.,* 135 Tex. at 171–72, 143 S.W.2d at 87; *Trimmier,* 116 Tex. at 591, 296 S.W. at 1079–80; *Reynolds,* 203 S.W.2d at 324.

Senate Bill 753 does not purport to delegate to the city's governing body the legislature's inherent constitutional authority to create or establish whatever judicial system it deems necessary. Therefore, notwithstanding the legislature's unfortunate choice of the words "establish" and "create" in section 30.00082(a), we hold that Senate Bill 753 is not an unconstitutional delegation of the legislature's inherent, nondelegable authority to "establish such other courts as it may deem necessary." We resolve appellant's first issue against him.

## CITY ATTORNEY AS PROSECUTOR

■ In his second issue, appellant asserts the State was not represented at his trial. Appellant argues the assistant Irving City Attorney, who acted as the prosecutor in his trial, could not represent the State. Appellant argues that article five, section twenty-one of the Texas Constitution requires the prosecutor be either a criminal district attorney or a county attorney and that the city attorney cannot prosecute state offenses.

Article five, section twenty-one of the Texas Constitution provides,

A County Attorney, for counties *in which there is not a resident Criminal District Attorney,* shall be elected by the qualified voters of each county, who shall be commissioned by the Governor, and hold his office for the term of four years. In case of vacancy the Commissioners Court of the county shall have the power to appoint a County Attorney until the next general election. The

County Attorneys shall represent the State in all cases in the District and inferior courts in their respective counties; *but if any county shall be included in a district in which there shall be a District Attorney, the respective duties of District Attorneys and County Attorneys shall in such counties be regulated by the Legislature.* The Legislature may provide for the election of District Attorneys in such districts, as may be deemed necessary, and make provision for the compensation of District Attorneys and County Attorneys. District Attorneys shall hold office for a term of four years, and until their successors have qualified.

TEX. CONST. art. V, § 21 (emphasis added).

 Section 44.157 of the Texas Government Code provides that the citizens of Dallas County elect a criminal district attorney. *See* TEX. GOV'T CODE ANN. § 44.157 (Vernon Supp.2000). Accordingly, there is no constitutional county attorney in Dallas County. Thus, under the plain language of the constitutional provision, the duties of the district attorney shall be regulated by the legislature. *See* TEX. CONST. art. V, § 21. The legislature has regulated those duties in the code of criminal procedure which provides, "All prosecutions in a municipal court shall be conducted by the city attorney of such city, town or village, or by his deputy." *See* TEX.CODE CRIM. PROC. ANN. art. 45.03 (amended).[2] This provision requires a criminal district attorney to consent to the city attorney's or his deputy's representation of the State pursuant to article 45.03 (amended). *See Thornton v. State,* 778 S.W.2d 149, 150 (Tex.App.-Eastland 1989, no pet.). Thus, a city attorney's or his deputy's representation of the State in a municipal court proceeding does not violate article five, section twenty-one of the constitution. *See Naff v. State,* 946 S.W.2d 529, 532 (Tex.App.-Fort Worth 1997, no pet.) (per curiam). We resolve appellant's second issue against him.

## DEFECTIVE COMPLAINTS

 In his third issue, appellant asserts the complaint in each case did not validly charge him with an offense. He argues the complaints are invalid because they were not attested to by the district or county attorney. *See* TEX.CODE CRIM. PROC. ANN. art. 2.04 (Vernon 1977). That requirement applies only to complaints made before a district or county attorney. *See id.* Complaints in municipal court may be made before "any officer authorized to administer oaths or before the municipal judge, clerk of the court or his deputy." TEX.CODE CRIM. PROC. ANN. art. 45.01 (repealed).[3] In these cases, the complaints were made before the Clerk of the Municipal Court of the City of Irving. Therefore, because the complaints were not made before the district or county attorney, article 2.04 was not applicable, and the district or county attorney did not have to attest to the complaints.

 Appellant argues the complaints are invalid because Officer Vincent, who issued the citations to appellant, did not swear out the complaints. The complaints were sworn to by Nate Hewitt, "based upon a report to me by Officer Monty R. Vincent." Article 45.17, in effect at the time of the offense, set out the requirements for complaints in municipal court and did not require that the officer issuing the citation swear out the complaint. *See* TEX.CODE CRIM. PROC. ANN. art. 45.17

**2.** Act of May 30, 1987, 70th Leg., R.S., ch. 923, § 1, 1987 Tex. Gen. Laws 3113, 3113, *amended and redesignated by* Act of May 30, 1999, 76th Leg., R.S., ch. 1545, § 59, 1999 Tex. Gen. Laws 5314, 5328 (current version at TEX.CODE CRIM. PROC. ANN. art. 45.201 (Vernon Supp.2000)).

**3.** Act of May 22, 1989, 71st Leg., R.S., ch. 600, § 1, 1989 Tex. Gen. Laws 1991, 1991–92, *repealed by* Act of May 30, 1999, 76th Leg., R.S., ch. 1545, § 75(a), 1999 Tex. Gen. Laws 5314, 5331 (current version at TEX.CODE CRIM. PROC. ANN. art. 45.019(e) (Vernon Supp.2000)).

(amended);[4] *Naff*, 946 S.W.2d at 531.

■ Appellant also argues the complaints are invalid because they do not recite the section of the Texas Transportation Code appellant violated. The code of criminal procedure requires a complaint to state "[t]he offense with which he is charged, in plain and intelligible words." TEX.CODE CRIM. PROC. ANN. art. 45.17(2) (amended).[5] The statute does not require that the charge include the section number of the transportation code, and appellant cites no authority requiring it. *See id.* The complaints in these cases sufficiently charged appellant in "plain and intelligible words."[6] We resolve appellant's third issue against him.

## SUFFICIENCY OF THE EVIDENCE

■ In his fourth issue, appellant asserts the evidence was insufficient to support his convictions. Appellant did not request a complete reporter's record. Appellant requested the court reporter to prepare only the testimony of Monty Vincent on cross-examination by appellant. Without a complete reporter's record of the evidence before the jury, appellant

cannot demonstrate the evidence is insufficient. We must presume the omitted evidence supports the jury's findings. *See Hunt v. State,* 967 S.W.2d 917, 918–19 (Tex.App.-Beaumont 1998, no pet.).

■ Even if appellant had filed a complete reporter's record, his argument would lack merit. Appellant argues the evidence is insufficient because article 38.17 of the code of criminal procedure requires that a guilty verdict be based on the testimony of two witnesses, or one witness with corroborating circumstances. Article 38.17 mandates that guilty verdicts be based on the testimony of two witnesses, or one witness with corroborating circumstances, when required "by law." *See* TEX.CODE CRIM.PROC. ANN. art. 38.17 (Vernon 1979). The only circumstances where two witnesses are required by law is in cases of treason, perjury, or aggravated perjury. *See* TEX.CODE CRIM.PROC. ANN. arts. 38.15, 38.18 (Vernon 1979). The only time corroborating circumstances are required is when a conviction is based on the testimony of an accomplice, in certain circumstances when a defendant's oral statement resulting from custodial interro-

4. Act of May 27, 1965, 59th Leg., R.S., ch. 722, art. 45.17, 1965 Tex. Gen. Laws 317, 524, *amended and redesignated by* Act of May 30, 1999, 76th Leg., R.S., ch. 1545, § 16, 1999 Tex. Gen. Laws 5314, 5317 (current version at TEX.CODE CRIM. PROC. ANN. art. 45.019 (Vernon Supp.2000)).

5. Act of May 27, 1965, 59th Leg., R.S., ch. 722, art. 45.17, 1965 Tex. Gen. Laws 317, 524, *amended and redesignated by* Act of May 30, 1999, 76th Leg., R.S., ch. 1545, § 16, 1999 Tex. Gen. Laws 5314, 5317 (current version at TEX.CODE CRIM. PROC. ANN. art. 45.019(4) (Vernon Supp.2000)).

6. The complaint in cause number 05–99–00523–CR alleged appellant:

Did operate and drive a motor vehicle in and upon a public street and highway in the City of Irving, Texas, to wit, Belt Line Road at Country Club Road[,]and turned said vehicle to the left at the intersection of the said two streets, said defendant unlawfully not having approached the intersection in the extreme left hand lane lawfully avail-

able to traffic moving in the direction of travel of said motor vehicle, against the peace and dignity of the State.

The complaint in cause number 05–99–000524–CR alleged appellant:

Did operate and drive a motor vehicle in and upon a public street and highway in the City of Irving, Texas to-wit: Belt Line Road at Country Club Road[,]at which intersection an official traffic control device regulating traffic was installed and in operation exhibiting different colored lights successively, one at a time, in that said defendant did then and there fail to obey a red colored light, then and there showing and facing his direction of movement, and did then and there fail to stop said motor vehicle at a clearly marked stop line or before entering the crosswalk on the near side of the intersection, and remain standing until a green light was shown alone, and said driver not then executing a lawful turn and not being otherwise directed by a police officer and not driving an authorized emergency vehicle responding to an emergency call, against the peace and dignity of the State.

gation is admitted, and in certain circumstances in sexual assault and aggravated sexual assault cases. *See id.* arts. 38.07, 38.14, 38.22, § 3(c) (Vernon 1979 & Supp. 2000). In this case, appellant was not charged with treason, perjury, or aggravated perjury, so the two-witness requirement was not applicable. Appellant was not charged with sexual assault or aggravated sexual assault, and nothing in the record indicates that Officer Vincent was an accomplice to appellant's crimes or that any statement resulting from custodial interrogation was admitted, so there was no requirement that Vincent's testimony be supported by corroborating circumstances. Accordingly, we resolve appellant's fourth issue against him.

We affirm the judgments of the county criminal court of appeals.