Opinion issued October 11, 2007








 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00601-CR






SIDNEY OWENS, JR., Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law No. 1

Galveston County, Texas

Trial Court Cause No. 254929






MEMORANDUM OPINION

 The trial court convicted appellant, Sidney Owens, Jr., of possession of less
than two ounces of marihuana (1) and sentenced him to confinement for 106 days. In
his point of error, appellant argues that the corroborative evidence was insufficient
to support his conviction and that he is, therefore, entitled to an acquittal. See Tex.
Code Crim. Proc. Ann. art. 38.17 (Vernon 2005). 

 We affirm. 

Background

Appellant was traveling eastbound on Highway 1765 when Texas Department
of Public Safety (DPS) Trooper T. Phillips noticed that the registration of appellant's
vehicle was expired and initiated a traffic stop. When Trooper Phillips informed 
appellant of the reason for the stop, appellant stated that he had mistakenly displayed
the current paper tag registration in the front window. Trooper Phillips told appellant
that the correct placement of the tag was in the rear window and permitted appellant
to get out of the car to resolve the issue.

When Trooper Phillips asked appellant for his driver's license, appellant
admitted to Trooper Phillips that he did not have one. Appellant told Trooper Phillips
his name and date of birth, and Trooper Phillips returned to his vehicle to confirm
appellant's identity with DPS. While speaking with DPS, Trooper Phillips saw
appellant walk around his Ford Explorer with the paper registration tag in hand, stop
in the front of the vehicle, return to the rear of the vehicle, and finally walk to
Trooper Phillip's patrol car without ever placing the paper tag in the back window of
his vehicle. Upon discovering that appellant had outstanding warrants, Trooper
Phillips arrested him and placed him inside a second patrol car. Trooper Phillips then
walked to the front of appellant's vehicle, where appellant had paused, and observed
a plastic baggy sitting unsecured on the vehicle's front grille, which, he testified,
could not have been there previously when the vehicle was in motion. Trooper
Phillips testified that he had previous training and experience in narcotics detection
and that the baggy contained a green, leafy substance with the characteristics of
marihuana. The trial court found appellant guilty, and this appeal followed.

Analysis

 In his sole point of error, appellant argues that the trial court erred in not
entering a judgment of acquittal as required by article 38.17 of the Texas Code of
Criminal Procedure. Specifically, appellant argues that article 38.17 requires the
testimony of "two witnesses or one witness with corroborating circumstances to
'authorize' [a] conviction." Because "[t]here was no 'corroborating circumstance'
that supported Trooper Phillip's testimony," he is, therefore, entitled to an acquittal. 
We construe appellant's argument to be a challenge to the legal sufficiency of the
corroborating evidence.

 Article 38.17 provides:

 In all cases where, by law, two witnesses, or one with corroborating
circumstances, are required to authorize a conviction, if the requirement
be not fulfilled, the court shall instruct the jury to render a verdict of
acquittal, and they are bound by the instruction.


Tex. Code Crim. Proc. Ann. art. 38.17. Possession of a controlled substance,
however, is not a case where, by law, two witnesses or one witness with corroborating
circumstances are required for a conviction. (2) State v. Provost, 205 S.W.3d 561, 569
(Tex. App.--Houston [14th Dist.] 2006, no pet.). Only cases of treason, perjury, and
aggravated perjury require two witnesses. Martin v. State, 13 S.W.3d 133, 140 (Tex.
App.--Dallas 2000, no pet.) (citing Tex. Code Crim. Proc. Ann. arts. 38.15, 38.18
(Vernon 2005)). Corroborating circumstances are required only when a conviction
is based on the testimony of an accomplice, in certain circumstances when a
defendant's oral statement resulting from custodial interrogation is admitted into
evidence, and in certain circumstances in sexual assault and aggravated sexual assault
cases. Id. at 140-41 (citing Tex. Code Crim. Proc. Ann. arts. 38.07, 38.14, art.
38.22, § 3(c) (Vernon 2005)). In all other cases, the testimony of a single witness,
without corroboration, is sufficient for conviction if the jury may believe it beyond
a reasonable doubt. See Castillo v. State, 913 S.W.2d 529, 532-33 (Tex. Crim. App.
1995).

 The State did not charge appellant with treason, perjury, aggravated perjury,
sexual assault, or aggravated sexual assault; nor was his conviction based on the
testimony of an accomplice; nor was an oral statement that he made during a custodial
interrogation admitted into evidence. Therefore, no corroboration was required and
appellant's arguments based on the requirement of corroboration fails. See Tex.
Code Crim. Proc. Ann. art. 38.17; Provost, 205 S.W.3d at 569; Martin, 13 S.W.3d
at 140-41.

 We overrule appellant's sole point of error.

Conclusion

 We affirm the judgment of the trial court.

 



 

 Evelyn V. Keyes

 Justice

 


Panel consists of Justices Nuchia, Jennings, and Keyes.


Do not publish. Tex. R. App. P. 47.2(b).


1. See Tex. Health & Safety Code Ann. § 481.121 (Vernon 2003).
2. Appellant cites Sestric v. State, 1 S.W.3d 921, 924 (Tex. App.--Beaumont 1999, no
pet.), for the proposition that in reviewing the facts of this case, we "must eliminate
Trooper Phillip's testimony and [the videotape of appellant's traffic stop and arrest]
from the record and . . . determine whether 'other inculpatory facts and circumstances
in evidence tend to connect'" appellant to the offense. Appellant's reliance on Sestric
is misplaced. Sestric concerns the use of accomplice testimony to secure a conviction. 
See id. at 924. Neither the testimony of Trooper Phillips nor the videotape qualify as
accomplice testimony. Sestric, therefore, is inapplicable.