IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00372-CV

 

Hill Regional Hospital,

                                                                                    Appellant

 v.

 

Maxine Runnels, Individually 

and as Heir to and on Behalf

of the Estate of Glendon Runnels,

Deceased and Tammy Runnels Walker

and Glen Paul Runnels, Individually,

                                                                                    Appellees

 

 

 



From the 66th District Court

Hill County, Texas

Trial Court No. 42164

 



memorandum Opinion



 








Appellant has filed “Appellant’s Unopposed Motion
to Dismiss Appeal,” stating that they have entered into a settlement agreement with
Appellees and asking us to dismiss this appeal and to tax costs in accordance
with the parties’ agreement.  See Tex.
R. App. P. 42.1(a)(2).

The motion to dismiss is granted, and the appeal
is dismissed.  Costs are taxed in accordance with the agreement of the parties. 
See Tex. R. App. P. 42.1(d).

 

                                                                                                PER
CURIAM

 

 

Before Chief Justice
Gray,

            Justice
Vance, and

            Justice Reyna

Appeal dismissed 

Opinion delivered and
filed June 4, 2008

[CV06]






ify; line-height: 0.388889in">      Ellis argues that article V, section 21, of the Texas Constitution mandates that a county or
district attorney represent the State in all criminal cases. Tex. Const. art. V, § 21. That
constitutional provision states: “if any county shall be included in a district in which there shall
be a District Attorney, the respective duties of District Attorneys and County Attorneys shall in
such counties be regulated by the Legislature.” Id. 
      The Legislature has provided for prosecutions in municipal courts:
All prosecutions in a municipal court shall be conducted by the city attorney of such
city, town or village, or by his deputy. . . . With the consent of the county attorney,
appeals from municipal court to a county court, county court at law, or any appellate
court may be prosecuted by the city attorney or his deputy. 
Tex. Code Crim. Proc. Ann. art. 45.03 (Vernon Supp. 1998). We agree with the Fort Worth
Court which has already visited this question in Naff v. State, 946 S.W.2d 529, 532 (Tex.
App.—Fort Worth 1997, no pet.). A city attorney's representation for the State does not violate
the Texas Constitution nor Ellis' due process rights. We overrule point one.
      Ellis' second point asserts “improperly set forum.” He argues that the City of Hewitt controls
both the municipal prosecutor and the municipal judge in violation of due process. He further
states that the municipal court has been “transformed into a forum where all officers are illegally
controlled by the city council, (for the purpose of illicit revenue raising).”
      The State responds that the convictions before us are from the County Court at Law No. 2;
that the presiding judge of that court is paid by McLennan County; and that therefore there is no
issue of judicial influence or partiality. We agree with the State and overrule point two.
      Ellis' third point asserts that the Hewitt City Court is “subverted to produce convictions and
illegal revenue to cities and city attorneys.” He reiterates some of his arguments under points one
and two.
      The Legislature has provided for proceedings in municipal courts. Tex. Code Crim. Proc.
Ann. arts. 45.01-.56 (Vernon 1979 & Supp. 1998). Incorporated cities may pass ordinances and
collect fines imposed by municipal courts. Id. art. 45.06. We do not find that these statutory
provisions violate Ellis' due process. We overrule point three.
      Ellis' final point asserts that Kathleen Dow acted as the Hewitt City Attorney but is also the
Municipal Judge of Bellmead. He asserts that by holding both offices, Dow is in violation of the
Texas Constitution. Tex. Const. art. XVI, § 40. Article XVI, section 40, prohibits a person
from holding more than one civil office at a time. Id. Amendments have been made to this
provision over the years. Most recently, section 40 has been amended to allow a municipal judge
to hold that position in more than one municipality. Section 40 also provides: “[A] nonelective
State officer may hold other nonelective offices under the State . . . if the other office is of benefit
to the State of Texas . . . and there is no conflict with the original office for which he receives
salary or compensation.” Id. 
      A municipal judge, whether elected or appointed, full or part-time, holds a “public office.” 
Op. Tex. Att'y Gen. No. DM-428 (1996). However, an assistant district attorney does not hold
office. Id. (citing State ex rel., Hill v. Pirtle, 887 S.W.2d 921, 931 (Tex. Crim. App. 1994). If
Dow is an assistant prosecutor, she is not prohibited by section 40. Furthermore, even if both
positions are “offices,” Dow may hold both if it benefits the State and there is no conflict. Id.;
Tex. Const. art. XVI, § 40. We do not find the type of conflicting loyalties which would
prohibit Dow from prosecuting for the City of Hewitt.
      We overrule point four and affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed December 23, 1998
Do not publish
(WITHDRAWN 1-20-99)