

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00420-CR

———————————————

JOHN MORGAN GREER, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 10
Tarrant County, Texas
Trial Court No. A2957363

Before Kerr, Birdwell, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

**MEMORANDUM OPINION**

This is an appeal from the county criminal court's judgment affirming a municipal court of record's judgment in a misdemeanor traffic-ticket case. *See* Tex. Gov't Code Ann. §§ 30.00014, .00027(a)(1). Although no briefs were filed in this court, appellant John Morgan Greer raised thirty-six issues in his brief in the county criminal court.[1] However, because many of those issues are essentially the same or contain substantially similar argument as other issues, he raised only five discrete complaints.[2] Because we hold that the county criminal court did not reversibly err by affirming the municipal court's judgment, we affirm.

## I. Municipal Court's Jurisdiction

We dispense with a summary of the background facts because they are unnecessary to the procedural and substantive complaints in this appeal. In his first issue, Greer complained that the municipal court did not have jurisdiction over the dispute because the Town of Westlake initiated the case with a defective complaint

---

[1]Our review is limited to the issues considered by the county criminal court. *Canada v. State*, 547 S.W.3d 4, 12 (Tex. App.—Austin 2017, no pet.). Thus, the briefs filed in the county criminal court serve as the briefs in this court. *See* Tex. Gov't Code Ann. § 30.00027(b)(1).

[2]Greer raised all of these complaints in a motion for new trial filed in the municipal court, thus fulfilling one of the preservation requirements for appeal. *See id.* § 30.00014(b) ("The appellate court shall determine each appeal from a municipal court of record conviction . . . on the basis of the errors that are set forth in the appellant's motion for new trial *and* that are presented in the clerk's record and reporter's record prepared from the proceedings leading to the conviction or appeal." (emphasis added)).

rather than with an information signed by the district or county attorney. *See* Tex. Const. art. V, § 12; Tex. Code Crim. Proc. Ann. arts. 2.04, 2.05, 21.20–.22.

In municipal-court cases, the complaint is the charging instrument and vests the court with jurisdiction over the cause. *See State v. Boseman*, 830 S.W.2d 588, 590 n.3 (Tex. Crim. App. 1992); *see also Stevens v. State*, Nos. 03-14-00536-CR, 03-14-00537-CR, 2016 WL 691133, at *3 (Tex. App.—Austin Feb. 18, 2016, pet. denied) (mem. op., not designated for publication). Article 45.019 of the Code of Criminal Procedure sets forth the requisites of a municipal-court complaint and provides that such a complaint must be sworn to before the municipal judge, the clerk of the court, a deputy clerk, the city secretary, the city attorney, or a deputy city attorney. Tex. Code Crim. Proc. Ann. arts. 45.001, 45.019(a), (c), (e).

Here, the complaint was sworn to before the municipal-court clerk, and it meets all the other statutory requirements of a municipal-court complaint. *Id.* art. 45.019(a), (c), (e)(2). Thus, we conclude that the county criminal court did not err by determining that the complaint had "no defects" and vested the municipal court with jurisdiction over the case. *See Martin v. State*, 13 S.W.3d 133, 139 (Tex. App.—Dallas 2000, no pet.); *see also Leverson v. State*, Nos. 03-15-00090-CR, 03-15-00091-CR, 03-15-00092-CR, 2016 WL 4628054, at *4–8 (Tex. App.—Austin Aug. 30, 2016, no pet.) (mem. op., not designated for publication).

In a related complaint, Greer challenged the authority of the attorney employed by the Town to prosecute the suit on its behalf. He appears to claim that Code of

Criminal Procedure Article 45.201(a), which provides that "[a]ll prosecutions in a municipal court shall be conducted by the city attorney of the municipality or by a deputy city attorney," Tex. Code Crim. Proc. Ann. art. 45.201(a), conflicts with Article V, Section 21 of the Texas Constitution, which deals with the selection of county attorneys and district attorneys, Tex. Const. art. V, § 21. This court and other courts have already held that a city attorney's—or deputy city attorney's—representation of the State in a municipal proceeding does not violate Article V, Section 21. *Martin*, 13 S.W.3d at 139; *Naff v. State*, 946 S.W.2d 529, 532 (Tex. App.—Fort Worth 1997, no pet.) (per curiam). Thus, the county criminal court did not err by overruling this complaint.

We overrule Greer's first issue.

## II. Validity of Traffic Stop

In his second issue, Greer complained that the officer who stopped him did not have reasonable suspicion to do so; that after the stop the officer did not have probable cause to continue to detain him, ask to see his driver's license, and threaten to arrest him for failing to produce it; and that his federal and Texas constitutional rights and his Texas statutory rights were violated. Greer raised these complaints in the municipal court; to the extent his pretrial filings operated procedurally to preserve those complaints—which the municipal court overruled at the beginning of trial—we address them. *See, e.g.*, *Thomas v. State*, 408 S.W.3d 877, 881 (Tex. Crim. App. 2013) ("An adverse ruling on a pretrial motion to suppress evidence will ordinarily suffice to

preserve error on appeal, and a defendant need not specifically object to the evidence when it is later offered at trial.").

A police officer is justified in conducting a traffic stop when the officer has reasonable suspicion to believe that a traffic violation has occurred. *Lerma v. State*, 543 S.W.3d 184, 190 (Tex. Crim. App. 2018). A traffic stop to investigate a traffic violation must be reasonably related to that purpose and may not be prolonged beyond the time to complete the tasks associated with the traffic stop. *Id.* During a traffic stop based on reasonable suspicion, the officer may request the driver's license, vehicle registration, and proof of insurance and may run a computer check on that information. *Id.* An officer may arrest a person for failing to display a driver's license on demand. Tex. Transp. Code Ann. §§ 521.025(a)(2), 543.001; *Snyder v. State*, 629 S.W.2d 930, 934 (Tex. Crim. App. 1982) (op. on reh'g); *Villarreal v. State*, No. 14-18-00406-CR, 2020 WL 1880998, at *6 (Tex. App.—Houston [14th Dist.] Apr. 16, 2020, no pet.).

Police officer Michael Norris testified that on January 14, 2017, while employed as a Town officer, he saw the driver of a car turn left at a stop-sign-controlled intersection without stopping at the marked white line. He identified Greer as the driver of the car. Norris asked Greer three times for his driver's license; Greer responded that he was "just traveling," said he had not been operating a motor vehicle, and asked what probable cause Norris had to stop him. Norris admittedly "threatened [Greer] with physical arrest [and] then said [Greer] would go to jail for

5

failure to ID, if [he] did not produce [his] license."[3] Greer eventually gave Norris his driver's license, and Norris wrote Greer a ticket for failure to stop at a stop sign. *See* Tex. Transp. Code Ann. § 544.010.

Norris had reasonable suspicion to temporarily detain Greer for the observed stop-sign violation, had authority to ask for Greer's driver's license, and had probable cause to believe that Greer had committed the offense of failure to stop at a stop sign. *See id.* §§ 521.025(a), 544.010.

Greer based his challenge to the stop primarily on his argument that at the time of the stop, he had been "traveling" as a matter of constitutional right and that the Transportation Code did not apply to him because he had not been transporting goods or persons for hire. The offense with which Greer was charged, and for which he was convicted, required proof that he was "the operator of a vehicle." *Id.* § 544.010. An "operator . . . as used in reference to a vehicle" is defined as "a person who drives or has physical control of a vehicle." *Id.* § 541.001(1-a). Thus the Town was not required to prove that Greer was transporting goods or persons for hire to prove that he committed the offense. *See id.* §§ 541.001(1-a), 544.010; *see also Todd v. State*, No. 03-14-00386-CR, 2016 WL 465031, at *2 (Tex. App.—Austin Feb. 4, 2016, no pet.) (mem. op., not designated for publication); *Perkins v. State*, Nos. 03-14-00305-CR, 03-14-00306-CR, 03-14-00307-CR, 03-14-00308-CR, 03-14-00309-CR, 03-14-

---

[3]Norris testified that he had detained Greer at the time but that he would have arrested Greer if he had not produced his license.

00310-CR, 2015 WL 3941572, at *2–3 (Tex. App.—Austin June 25, 2015, pet. denied) (mem. op., not designated for publication). Because driving on Texas highways is a privilege, not a constitutional right, the State of Texas may reasonably regulate that privilege under the State's police power for the general public's safety and welfare. *Naff*, 946 S.W.2d at 533. Accordingly, the county criminal court did not reversibly err by determining that the trial court properly rejected this part of Greer's complaint.

Greer brought several other issues claiming constitutional violations based on his reasonable-suspicion, probable-cause, and traveling arguments. Because we have rejected those arguments, we likewise hold that the trial court did not err by overruling his general constitutional complaints as well.

We overrule Greer's second issue.

### III. Denial of Recusal Motion

In his third issue, Greer complained about the denial of his motion to recuse[4] the municipal-court judge who presided over his case. *See* Tex. Gov't Code Ann. § 29.058(a). Greer filed his motion to recuse on February 15, 2018, the day his jury trial was set. Section 29.052 of the Government Code provides that a motion to recuse a municipal judge "must . . . be filed at least 10 days before the date of the hearing or trial" unless "a judge is assigned to a case 10 or fewer days before the date

---

[4]Although Greer asked in his motion that the judge be disqualified, he admitted at the hearing on his motion that he did not allege the judge was not qualified; instead, he contended that the judge was biased and not fair and impartial. *See* Tex. R. Civ. P. 18b(a).

7

set for a trial or hearing"; in that case, the motion must be filed "at the earliest practicable time." *Id.* § 29.052(b)(1), (c). Greer admitted that he received the trial setting letter, dated a month before the February 15, 2018 trial setting, along with a copy of the December 2017 notice of the trial judge's assignment.[5] Thus, Greer's motion was untimely, and his complaint about the denial of his recusal motion is without merit. *See id.*

We overrule Greer's third issue.

## IV. Limitation on Cross-Examination

Greer argued in his fourth issue that the trial judge and prosecutor colluded to "suppress[] more than half of [his] legitimate questions when cross-examining the officer." Although the record shows that the trial judge sustained eleven objections during Greer's cross-examination of Norris, those objections were based on several different grounds. Greer did not complain about any of the trial court's rulings specifically, nor did he complain to the trial judge that the rulings violated his Confrontation Clause right. Thus, Greer did not preserve any complaint regarding the trial court's rulings on the objections. *See* Tex. R. App. P. 38.1(f), (i); *Golliday v. State*, 560 S.W.3d 664, 668–71 (Tex. Crim. App. 2018). Moreover, he did not point to anything in the record to support his general collusion accusation.

We overrule Greer's fourth issue.

---

[5]The presiding judge of the municipal court had previously recused himself on Greer's motion.

## V. Judge's Basis for Rulings

Finally, Greer made a catch-all argument in a fifth issue that both municipal court judges erred by failing to provide a legal basis for their rulings. Greer cited no authority for this complaint, failed to identify any specific rulings about which he complained, and cited no part of the record showing that he made this complaint in the municipal court. Thus, he failed to preserve this complaint for the county criminal court's review. *See* Tex. R. App. P. 33.1(a)(1)(A).

We overrule Greer's fifth issue.

## VI. Conclusion

Having overruled Greer's five issues, we affirm the county criminal court's judgment.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  February 4, 2021

9