Affirmed and Memorandum Opinion filed February 19, 2008








Affirmed and Memorandum Opinion filed February 19, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00269-CR

NO. 14-07-00271-CR

NO. 14-07-00272-CR

____________

 

JERRY DEAN PYEATT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 180th
District Court

Harris County, Texas

Trial Court Cause No. 1101502,
1053394, 1066078

 



 

M E M O R A N D U M   O P I N I O N








A jury convicted Jerry Dean Pyeatt of the felony offenses
of aggravated sexual assault of a child, injury to a child, and indecency with
a child by exposure.  He was sentenced to five years= confinement for
the sexual-assault conviction, and nine years= confinement for
each of the two additional felonies.  The jury recommended suspended sentences
and community supervision for the latter two convictions.  Pyeatt now challenges
the legal and factual sufficiency of the evidence for each conviction.  We
affirm.

In 2005, W.P. was six years old and lived with his mother
and Pyeatt, her boyfriend.  When his father picked him up for Thanksgiving
visitation that year, he noticed that W.P.  had bruises on his legs, arms, and
buttocks.  W.P. told his father that Pyeatt had hit him with a ruler, brush,
paddle, and belt, and had grabbed, punched, and kicked him.  W.P.=s father called
Children=s Protective
Services, which removed him from his mother=s home, placed him
with his grandmother, and began an investigation.  W.P.=s father testified
to all of these facts, and the trial court admitted into evidence photographs
W.P.=s father had taken
of the injuries.

The jury also heard testimony from a licensed therapist who
began treating W.P. in March of 2006.  She testified that on their first visit
she suspected W.P. had been exposed to sexual material.  She explained that
W.P. spoke about sex, and when she asked what Asex@ meant, he
demonstrated by placing a G.I. Joe figure on top of a Barbie doll and making an
up-and-down motion.  He added that people had to be naked to have sex.  W.P.
told her that Pyeatt made W.P. have sex with his mother, and that Pyeatt pulled
his own pants down and made W.P. Asuck his middle
part.@  When presented
with anatomically correct dolls, W.P. identified the Amiddle part@ as the penis. 
The therapist also testified that W.P. said Pyeatt made him watch pornographic
movies, once tied him to a chair with a rope, sometimes beat him with his
fists, and threatened to cut off his penis if he misbehaved.








The jury also heard from W.P., who was seven when he
testified.  He identified the private parts on a woman=s body as the Aboobs and the nu
nu@ and testified
that, at Pyeatt=s insistence, he touched his mother=s Anu nu@ with his Adick@ when he was five
and six years old.  W.P. further testified that Pyeatt Apulled [his] pants
down a little and made [him] go have sex with [his] mama.@  He elaborated on
the incident and explained that his mother was Awatching TV naked@ when Pyeatt told
him to Ago have sex with
[his] mom.@  W.P. testified about another incident in which
Pyeatt exposed his Afront middle part@ to W.P. and told
him to Acome suck it.@  W.P. also
testified that Pyeatt would sometimes hit him on his back and bottom with a
spatula, a ruler, or his fist.  He was scared to go to his mother=s home because
Pyeatt Ahurt [him] a lot.@ 

Pyeatt testified that he had a Apretty good@ relationship with
W.P. and that the bruises on W.P.=s body could have
been from playground equipment.  He denied showing W.P. pornography, injuring
W.P., or forcing W.P.  to perform sexual acts with him or W.P.=s mother.  

When evaluating a legal-sufficiency challenge, we view the
evidence in the light most favorable to the verdict.  Wesbrook v. State, 29
S.W.3d 103, 111 (Tex. Crim. App. 2000).  If any rational trier of fact could
have found the crime=s essential elements beyond a reasonable
doubt, we must affirm.  McDuff v. State, 939 S.W.2d 607, 614 (Tex. Crim.
App. 1997). We do not resolve any conflict of fact, weigh any evidence, or
evaluate any witness=s credibility, as this was the function of
the trier of fact.  See Adelman v. State, 828 S.W.2d 418, 421 (Tex.
Crim. App. 1992).  The jury may choose to believe or disbelieve any portion of
the witnesses= testimony.  Sharp v. State, 707 S.W.2d 611,
614 (Tex. Crim. App. 1986).  When faced with conflicting evidence, we presume
that the trier of fact resolved conflicts in the prevailing party=s favor.  Turro
v. State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).  We may overturn the
verdict only if it is irrational or unsupported by proof beyond a reasonable
doubt.  Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).  








In contrast, when hearing a factual-sufficiency challenge,
we view all the evidence neutrally.  See Cain v. State, 958 S.W.2d 404,
408 (Tex. Crim. App. 1997).  We especially discuss and examine the specific
evidence that the appellant contends undermines the jury=s verdict.  See
Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  We may set aside
the verdict if the evidence is so weak that the verdict is clearly wrong and
manifestly unjust or if the verdict is against the great weight and
preponderance of the evidence.  Watson v. State, 204 S.W.3d 404, 414-15
(Tex. Crim. App. 2006).  We must not, however, intrude upon the fact finder=s role as the sole
judge of the weight and credibility given to any witness=s testimony.  See
Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).  Although we
may disagree with the jury=s conclusions, we must avoid substituting
our judgment for that of the jury, particularly in matters of credibility.  See
Watson, 204 S.W.2d at 414. 

We will address each conviction separately, beginning with
the sexual-assault charge.  A person commits aggravated sexual assault of a
child if he intentionally and knowingly causes the sexual organ of a child to
contact the sexual organ of another person. 
Tex. Pen. Code Ann. ' 22.021(a)(1)(B)(iii)(Vernon 2005). 
Pyeatt=s conviction for
aggravated sexual assault rests not on evidence of sexual contact between
Pyeatt and W.P., but on evidence that Pyeatt was a party to sexual contact
between W.P. and his mother.  See Tex. Pen. Code Ann. ' 7.02(a)(2); see
also Burdine v. State, 719 S.W.2d 309, 319 (Tex. Crim. App. 1986) (holding
that evidence is sufficient to support a conviction under the law of parties
where the actor is physically present at the commission of the offense and
encourages it).  Pyeatt contends that the evidence was insufficient to prove
that W.P.=s and his mother=s sexual organs
came into contact.  We disagree.

In his brief, Pyeatt points specifically to two pieces of
evidence: W.P.=s testimony that Pyeatt Amade me go have
sex with my mama@ and W.P.=s acknowledgement
that he touched his Adick@ to his mother=s Anu nu.@  Pyeatt complains
that the evidence neither shows that W.P. sufficiently understood the meaning
of the word Asex@ nor demonstrates that by Anu nu@ W.P. was
referring to his mother=s genitals. 








The evidence did not show that W.P. had an adult=s understanding of
the  word Asex.@  But in his descriptions to the therapist
of what he understood sex to be (which the therapist relayed to the jury), and
in his descriptions to the jury of what he did with his mother at Pyeatt=s direction, W.P.
provided evidence of what the jury could reasonably find to be a violation of
the statute.  See Lee v. State, 176 S.W.3d 452, 456 (Tex. App.CHouston [1st
Dist.] 2004), aff=d, 206 S.W.3d 620
(Tex. Crim. App. 2006) (citing Villalon v. State, 791 S.W.2d 130, 134
(Tex. Crim. App. 1990) (holding that child victims cannot be expected to
communicate with the ability and clarity of a mature adult)).    The imprecise
terms W.P. used to identify sexual organs were enough to convey to the jury
that a touching of sexual organs had occurred.  See Lee, 176 S.W.3d at
457 (citing Clark v. State, 558 S.W.2d 887, 889 (Tex. Crim. App. 1977)
(holding that evidence can be sufficient to show a touching of the genitals
even if the victim uses Alanguage different from that in the
statute to describe the part of the body touched@)).  Based on the
evidence, a rational trier of fact could have found the essential elements of
aggravated sexual assault of a child beyond a reasonable doubt.  The evidence
is legally and factually sufficient to support the verdict and the great weight
and preponderance of the evidence do not contradict it.     

Pyett=s second conviction was for injury to a
child.  A person commits injury to a child if he intentionally or knowingly
causes bodily injury to a person 14 years of age or younger.  Tex. Pen. Code
Ann. ' 22.04(a)(3),
(c)(1) (Vernon 2005).  At trial, the jury saw photographs of and heard
testimony about injuries W.P. allegedly suffered at Pyeatt=s hands. Pyeatt
argues that the State presented no evidence of particular instances that
pertained to a specific time frame, but only generalized accusations that
Pyeatt might have struck W.P. at some time.  Such evidence, Pyeatt maintains,
is factually insufficient to support the conviction.  Pyeatt further contends
that W.P.=s complaints were unsupported by any corroborating
facts. 








Corroborative evidence is not necessary to show injury to a
child.  Only cases of treason, perjury, and aggravated perjury require
corroborative testimony.  Martin v. State, 13 S.W.3d 133, 140 (Tex. App.BDallas  2000, no
pet.) (citing Tex. Code Crim. Proc. Ann.
art. 38.15, 38.18 (Vernon 2005)).  The law requires evidence of
corroborating circumstances only when a conviction is based on an accomplice=s testimony, in
certain cases when the evidence includes a defendant=s oral statement
during custodial interrogation, and under certain circumstances in
sexual-assault and aggravated-sexual-assault cases.  Id. at
140-41(citing Tex. Code Crim. Proc. Ann.
arts. 38.07, 38.14, art. 38.22 ' 3(c) (Vernon 2005)).  In all other cases,
a single witness=s uncorroborated testimony is enough for
the jury to convict so long as they may believe it beyond a reasonable doubt. 
See Castillo v. State, 913 S.W.2d 529, 532-33 (Tex. Crim. App. 1995).  

W.P. testified that Pyeatt injured him, and his father and
therapist testified that he had told them the same thing.  And even though
corroborative evidence is unnecessary, the photographs W.P.=s father took of
his injuries at least circumstantially corroborate W.P.=s allegations.  A
rational trier of fact could have found the essential elements of felony injury
to a child beyond a reasonable doubt.  Further, the great weight and
preponderance of the evidence do not contradict the verdict.

         
Pyeatt=s third conviction
was for indecency with a child.  A person commits indecency with a child if,
with the intent to arouse or gratify the sexual desire of any person, he
exposes any part of his genitals knowing that a child is present.  Tex. Pen.
Code Ann. '
21.11(a)(2)(A)(Vernon 2005).  Pyeatt claims that the State did not prove
specific intent.  We disagree.  The jury may infer specific intent to arouse or
gratify the sexual desire of a person from the conduct or remarks of the
accused, or from the surrounding circumstances.  Robertson v. State, 871
S.W.2d 701, 705 (Tex. Crim. App. 1993).  The intent to arouse or gratify may
even be inferred from conduct alone.  McKenzie v. State, 617 S.W.2d 211,
216 (Tex. Crim. App. 1981).  

The jury heard testimony from W.P. and his therapist that
Pyeatt exposed his genitalia to W.P. and told him to Acome suck it.@  Based on this
evidence alone, a rational trier of fact could have found the essential
elements of felony indecency with a child beyond a reasonable doubt, including
the element of specific intent to arouse or gratify.  Further, the great weight
and preponderance of the evidence do not contradict the verdict. 

 








We affirm the judgment.

 

 

 

/s/      Jeff Brown

Justice

 

 

Judgment affirmed and Memorandum
Opinion filed February 19, 2008.

Panel consists of Justices Yates,
Guzman, and Brown.

Do Not Publish C Tex.
R. App. P. 47.2(b).