ACCEPTED
03-15-00090-CR
5205188
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/8/2015 9:48:21 AM
JEFFREY D. KYLE
CLERK

NO. 03-15-00090-CR, 03-15-00091-CR, 03-15-00092-CR

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/8/2015 9:48:21 AM
JEFFREY D. KYLE
Clerk

CHRISTOPHER LEVERSON
Appellant

V.

THE STATE OF TEXAS
Appellee

ON APPEAL FROM THE COUNTY COURT AT LAW NO. 1
TRAVIS COUNTY, TEXAS

APPELLEE'S BRIEF

Respectfully Submitted,

Karen Kennard
City Attorney
State Bar No. 11280700

Matthew McCabe
Assistant City Attorney
State Bar No. 24053347
City of Austin
P.O. Box 2135
Austin, Texas 78768
512-974-4804 [phone]
512-974-1244 [fax]
Matthew.mccabe@austintexas.gov

# IDENTITY OF THE PARTIES AND COUNSEL

The following is a complete list of parties and counsel:

**Appellant:**

Christopher Leverson
313 Middle Lane
Austin, Texas 78753
512-990-1568
admin@wirelesselevation.com

**Appellee:**

THE STATE OF TEXAS

Represented on appeal by:

Matthew McCabe
Assistant City Attorney
State Bar No. 24053347
City of Austin Law Department
P.O. Box 2135
Austin, Texas 78768
Telephone: 512-974-4804
Facsimile: 512-974-1244

Karen Kennard
City Attorney
State Bar No. 11280700

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .iv

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT

     ISSUE I - THE AUSTIN MUNICIPAL COURT DID NOT VIOLATE THE APPELLANT'S DUE PROCESS RIGHTS BY OPERATING CENTRALIZED DOCKETS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

     ISSUE II - THE APPELLANT WAS PROPERLY CHARGED BY COMPLAINT AND PROPERLY NOTICED OF THE CHARGES AGAINST HIM. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

     ISSUE III – THE MUNICIPAL COURT OF AUSTIN HAS PERSONAL AND SUBJECT MATTER JURISDICTION TO HEAR CASES ARISING OUT OF CLASS C MISDEMEANORS WITHIN THE CITY OF AUSTIN, TEXAS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

     ISSUE VI – APPELLANT'S RIGHT AGAINST SELF-INCRIMINATION WAS NOT ABRIDGED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

     ISSUE V – PROSECUTION IS EXEMPTED FROM PROVIDING WORK-PRODUCT DOCUMENTS IN RESPONSE TO DISCOVERY AND ANY OMISSION RESULTED IN HARMLESS ERROR. . . . . . . . . . . . . . . .13

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

# TABLE OF AUTHORITIES

**CASES**                                                                **PAGE**

*State v. Herndon*
 215 S.W.3d 901, 907 (Tex. Crim. App. 2007) . . . . . . . . . . . . . . . . . . . . . . . .4

*Ramirez v. State*
 301 S.W.3d 410, 415 (Tex. App. –Austin 2009, no pet.) . . . . . . . . . . . . . . .4

*Holden v. State*
 201 S.W.3d 761, 763 (Tex. Crim. App. 2006) . . . . . . . . . . . . . . . . . . . . . . .5

*Huynh v. State,*
 901 S.W.2d 480 (Tex. Crim. App. 1995) . . . . . . . . . . . . . . . . . . . . . . . . .7

*State v. Blankenship*
 170 S.W.3d 676, 681 (Tex. App.—Austin 2005, pet. ref'd) . . . . . . . . . . . . 7

*Schinzing v. State*
 234 S.W.3d 208 (Tex. App.—Waco 2007) . . . . . . . . . . . . . . . . . . . . . . . . .7

*Lawrence v. State*
 240 S.W.3d 912, 916 (Tex. Crim. App. 2007) . . . . . . . . . . . . . . . . . . . . . . .8

*State v. Moff,*
 154 S.W.3d 599, 601 (Tex. Crim. App. 2004) . . . . . . . . . . . . . . . . . . . . . . .8

*Palma v. State*
 2004 WL 1470911 (Tex. App. –Houston [1st District] July 1, 2004, no pet.)
(mem. Op., not designated for publication). . . . . . . . . . . . . . . . . . . . . . . . . .9

*Naff v. State*
 946 S.W.2d 529, 533 (Tex. App. – Fort Worth 1997, no pet.) . . . . . . . . . . 10

*Kothe v. State*
 152 S.W.3d 54, 63 (Tex. Crim. App. 2004) . . . . . . . . . . . . . . . . . . . . . . .12

*Ex Parte Miles*

359 S.W.3d 647, 670 (Tex. Crim. App. 2012) . . . . . . . . . . . . . . . . . . . . . . . 14

*Washington v. State*
856 S.W.2d 184, 187 (Tex. Crim. App. 1993) . . . . . . . . . . . . . . . . . . . . . . . 14

*McCloud v. State*
494 S.W.2d 888 (Tex. Crim. App. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Vasquez Garza v. State*
794 S.W.2d 530, 535 (Tex. App. –Corpus Christi 1990) . . . . . . . . . . . . . 14

*Hart v. State*
447 S.W.2d 944, 948 (Tex. Crim. App. 1969) . . . . . . . . . . . . . . . . . . . . . . 14

*Strickland v. Washington*
466 U.S. 668 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Bagley*
473 U.S. 667 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Cook v. State*
940 S.W.2d 623 (Tex. Crim. App. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Thomas v. State*
841 S.W.2d 399 (Tex. Crim. App. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Hampton v. State*
86 S.W.3d 603, 612 (Tex. Crim. App. 2002) . . . . . . . . . . . . . . . . . . . . . . .15

*United States v. Agurs*
427 U.S. 97, 109 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Campos v. State*
468 S.W.3d 81, 83 (Tex. Crim. App. 1971) . . . . . . . . . . . . . . . . . . . . . . . 17

# STATUTES, RULES, AND CODES

United States Constitution
 Amendment VI . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

Texas Constitution
 Article I, Section 10. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
 Article XIV, Section 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Texas Code of Criminal Procedure
 Section 4.14(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11
 Section 39.14(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15
 Section 45.018. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7
 Section 45.019(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

Texas Government Code
 Section 30.00014(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
 Section 30.00007 (b)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . ..5
 Section 30.00021(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . 5

Texas Transportation Code
 Section 502.401. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11
 Section 502.407. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11
 Section 521.025(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
 Section 541.001(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10
 Section 541.201(11). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## STATEMENT OF THE CASE

*Nature of the case:*  This is an appeal from a county court decision affirming a guilty verdict. Appellant Christopher Leverson was charged by citation on December 20, 2012, and received a jury trial before the Austin Municipal Court on February 19, 2014. After his conviction and the denial of his motion for new trial, he appealed to County Court at Law No. 1 of Travis County. His conviction was affirmed, and he appeals again.

*Trial court disposition*:  Appellant had multiple motions for dismissal denied by the trial court before his trial by a jury, which found him guilty of Expired Registration, Failure to Maintain Financial Responsibility and Failure to Display Driver's License on February 19, 2014. Appellant's motion for new trial was timely filed on February 28, 2014, and was overruled by operation of law on March 31, 2014, by the same judge who presided over the trial. Appellant then appealed to the county court and now to this Court.

*Relief sought:*  Appellee requests that this Court affirm the judgment of guilty on all cases entered on February 19, 2014, and the total fine in the amount of $954.00.

*Citations: CR refers to the Clerk's Record and RR refers to the Reporter's Record.*

**TO THE HONORABLE COURT:**

COMES NOW, the State of Texas, Appellee, and files this brief, and in support thereof would show the Court as follows:

## STATEMENT OF THE FACTS

Appellant, Christopher Leverson, was charged by complaint with operating a motor vehicle with an expired registration. [CR 7]. The case proceeded to jury trial on that February 19, 2014 with Judge Sherry Statman presiding. [CR 117]. At the conclusion of the trial, the jury returned a verdict of "guilty" and a fine in the amount of $200.00. [CR 117]. An order was signed on February 19, 2014 adjudging Appellant to be guilty of the offense charged in the complaint, and setting the punishment at a sum of $268.00, including fine and court costs. [CR 117]. Appellant filed a First Motion for New Trial on February 28, 2014. [CR 120A-120GGGG]. The motion was overruled by operation of law on March 31, 2014. [CR 121]. On April 7, 2014 Appellant filed a Written Notice of Appeal with County Court at Law No. 1. [CR 123A-N]. In an Opinion and Judgment dated December 18, 2014, the convictions of the Appellant.

Appellant, Christopher Leverson, was charged by complaint with failure to maintain financial responsibility. [CR 7]. The case proceeded to jury trial on that February 19, 2014 with Judge Sherry Statman presiding. [CR 117]. At the conclusion of the trial, the jury returned a verdict of "guilty" and a fine in the

amount of $350.00. *See* Appellant's Brief Appendix. An order was signed on February 19, 2014 adjudging Appellant to be guilty of the offense charged in the complaint, and setting the punishment at a sum of $418.00, including fine and court costs. *See* Appellant's Brief Appendix Appellant filed a First Motion for New Trial on February 28, 2014. [CR 120A-120GGGG]. The motion was overruled by operation of law on March 31, 2014. [CR 121]. On April 7, 2014 Appellant filed a Written Notice of Appeal with County Court at Law No. 1. [CR 123A-N]. In an Opinion and Judgment dated December 18, 2014, the convictions of the Appellant.

Appellant, Christopher Leverson, was charged by complaint with failure to display driver's license. [CR 7]. The case proceeded to jury trial on that February 19, 2014 with Judge Sherry Statman presiding. [CR 117]. At the conclusion of the trial, the jury returned a verdict of "guilty" and a fine in the amount of $200.00. *See* Appellant's Brief Appendix. An order was signed on February 19, 2014 adjudging Appellant to be guilty of the offense charged in the complaint, and setting the punishment at a sum of $268.00, including fine and court costs. *See* Appellant's Brief Appendix. Appellant filed a First Motion for New Trial on February 28, 2014. [CR 120A-120GGGG]. The motion was overruled by operation of law on March 31, 2014. [CR 121]. On April 7, 2014 Appellant filed a Written Notice of Appeal with County Court at Law No. 1. [CR 123A-N]. In an Opinion and Judgment dated December 18, 2014, the convictions of the Appellant.

**APPELLEE'S ISSUES PRESENTED FOR REVIEW**

ISSUE I - THE AUSTIN MUNICIPAL COURT DID NOT VIOLATE THE APPELLANT'S DUE PROCESS RIGHTS BY OPERATING CENTRALIZED DOCKETS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

ISSUE II - THE APPELLANT WAS PROPERLY CHARGED BY COMPLAINT AND PROPERLY NOTICED OF THE CHARGES AGAINST HIM. . . . . . . . . . . . . . . . . . 9

ISSUE III – THE MUNICIPAL COURT OF AUSTIN HAS PERSONAL AND SUBJECT MATTER JURISDICTION TO HEAR CASES ARISING OUT OF CLASS C MISDEMEANORS WITHIN THE CITY OF AUSTIN, TEXAS. . . . . . . . . . . . . . . 11

ISSUE VI – APPELLANT'S RIGHT AGAINST SELF-INCRIMINATION WAS NOT ABRIDGED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

ISSUE V – THE STATE PROPERLY RESPONDED TO THE DEFENDANT'S DISCOVERY REQUEST FOR THE INCIDENT REPORT. . . . . . . . . . . . . . . . . . . 15

**SUMMARY OF THE ARGUMENT**

The Judgment of the trial court adjudging Appellant "guilty" of all three aforementioned offenses should be affirmed because the prosecution was properly conducted by the assistant city attorneys of the City of Austin, Texas in the Municipal Court of the City of Austin, Texas. Appellant was properly noticed of the criminal charges against him upon the filing of the complaint in the Municipal Court, which had subject matter and in personam jurisdiction to hear Appellant's criminal trial based upon a statutory grant of authority coupled with a charging instrument invoking that authority over the case. The State of Texas had the power to regulate driving on state highways and had the power to prosecute Appellant in

the Municipal Court for violations of state law alleged to have been committed within its territorial limits.

The appellant argues fervently that the State erred by not providing him with a copy of the incident report. However, the Clerk's Record proves that the appellant received the incident report that the State's witness was using to refresh his recollection over six months before the date of trial. Additionally, the appellant was given another copy of the incident report at trial and given time to review it. The court properly utilized it's discretion to grant the appellant the lunch hour to review the incident report. All three convictions should be affirmed.

## STANDARD OF REVIEW

Each appeal from a municipal court of record conviction shall be determined by the appellate court based on errors that are set out in an appellant's motion for new trial. Tex. Gov't Code Ann. § 30.00014(b) (West 2011). Where appellate arguments were substantially raised in a motion for new trial, which was denied, the appropriate standard of review on appeal is abuse of discretion. *See State v. Herndon*, 215 S.W.3d 901, 907 (Tex. Crim. App. 2007); *Ramirez v. State*, 301 S.W.3d 410, 415 (Tex. App.—Austin 2009, no pet.). A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the

record could support the trial court's ruling. *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006).

### RESPONSE TO APPELLANT'S ISSUE I ARGUMENT

In issue 1 the appellant argues that the "round robin" style of adjudication of his case violated his due process rights. The appellant argues that the process of the Austin Municipal Court is in conflict with Govt. Code Chapter 30.00007. The code requires that the court have a presiding judge and prescribes the duty of that presiding judge. What the appellant refers to as "round-robin" is actually a central docket. The code specifically states that the presiding judge is to maintain a central docket and then "provide for the distribution of cases from the central docket to the individual municipal judges to equalize the distribution of business in the courts". Govt. Code Chapter 30.00007(b)(2). The appellant seems to read his own definition into this requirement. He argues that a specific judge should have been assigned to his case and that not doing so is a violation of this code. However, the code does not state the method by which the cases shall be distributed. The process at Austin Municipal Court does ensure that cases are distributed to the individual judge who is presiding over that particular docket.

The Austin Municipal Court has several full-time and part-time judges. These judges preside over the Court's dockets and they may preside over different dockets each week. Thus, one judge may preside over a pre-trial hearing and

another presides over the trial. Nevertheless, each Defendant usually has one judge preside over any particular stage and that judge is assigned to the cases on that docket. That judge hears the entirety of that stage in the case. Judge Statman was the presiding judge for the entirety of appellant's trial. There is no due process violation simply because different judges heard different stages of the case. Due process does not require that a Defendant have one judge hear his case in its entirety and the appellant cites no statutory authority or case law for this proposition. The appellant is certainly entitled to a fair trial and that is what he received.

It should also be noted that the appellant complains about having different judges hear different stages of his case, but the he created the circumstances that would ensure that his case to be heard by a judge other than the one who signed the order during his pre-trial. Judge Solomon made pre-trial rulings in the appellant's case. The appellant filed a judicial conduct complaint against Judge Solomon. He also filed a motion to disqualify Judge Solomon. [CR 32] In response, Judge Solomon voluntarily recused himself. [CR 46]. Thus, it is disingenuous for the appellant to now argue that one judge should have heard every stage of his case to its completion. He initiated events that ensured that the same judge who presided at his pre-trial hearing could not preside at his trial.

Finally, the appellant argues that he was harmed by having different judges preside over different stages of his case. Specifically, he points to the ruling of Judge Statman at trial that the incident report used by the State's witness was work-product. There was no harm to appellant due to the court's ruling regarding the incident report and this issue is addressed in more detail in Issue V of this brief. This Court should overrule the appellant's first point of error.

## RESPONSE TO APPELLANT'S ISSUE II ARGUMENT

In issue 2, Appellant argues that a complaint, alone, does not meet the requirements of a proper charging instrument that would give the court jurisdiction. Additionally, appellant argues that a complaint does not satisfy the right of a defendant to know the nature and cause of the charges made against him. Both of these arguments are unfounded.

A criminal complaint "serves as the sole charging instrument in municipal court." *See* Tex. Code Crim. Proc. art. 45.018(a); *Huynh v. State*, 901 S.W.2d 480, 481 n.3 (Tex. Crim. App. 1995); *State v. Blankenship*, 170 S.W.3d 676, 681 (Tex. App.—Austin 2005, pet. ref'd); *Schinzing v. State*, 234 S.W.3d 208 (Tex. App.—Waco 2007). Chapter 45.018 of the Texas Code of Criminal Procedure grants defendants a right to have a criminal complaint filed at least one day prior to any proceeding of the prosecution of the defendant, but does not require any service of

the complaint upon the named defendant. Tex. Code Crim. Proc. 45.018. Complaints for the cases arising from the Appellant's 2012 citation were filed on December 21, 2012, over one year prior to the Appellant's trial. [CR 7] This more than satisfies the one day filing requirement set forth in the Code of Criminal Procedure.

Appellant was properly noticed of the criminal charges against him upon the filing of the complaints in the Municipal Court of the City of Austin, Texas. Appellant, as a criminal defendant, has a right to notice under the United States and Texas Constitutions. *See* U.S. Const. amend. VI, Tex. Const. art. I, Sec. 10; *see also* Lawrence v. State, 240 S.W.3d 912, 916 (Tex. Crim. App. 2007). However, this right to notice does not entitle Appellant to be "served" with the complaint. Notice refers to adequate specificity of the charging instrument. To satisfy this notice requirement, the charging instrument must be "specific enough to inform the accused of the nature of the accusation against him so that he may prepare a defense." State v. Moff, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). Notice does not refer to a particular method used to inform the accused of pending criminal charges.

In municipal court prosecutions, the complaint is the charging instrument that charges the accused with the commission of an offense. Tex. Code Crim. Proc. Ann. Art. 45.018. Notice of the charges are given by the filing of the

complaint with the clerk of the court. "Notice of the nature and cause of an action against a criminal defendant is accomplished by the filing of a charging instrument if the charging instrument is sufficient to give the accused adequate notice of the acts he allegedly committed, to bar a subsequent prosecution for the same offense, and to give the accused notice of the precise offense with which he is charged." Palma v. State, Nos. 01-04-00206-CR, 00207-CR, 00208-CR, 2004 WL 1470911, *3 Tex. App.-Houston [1st District] July 1, 2004 no pet.) (mem. op., not designated for publication).

A complaint is sufficient if it substantially satisfies the requisites of Article 45.019 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. Art. 45.019(a). All three complaints against Appellant satisfy these requisites because (1) they are in writing; (2) they commence "In the name and by the authority of the State of Texas"; (3) they states the name of the accused; (4) they state that the affiant has good reason to believe and does believe that the accused has committed an offense against the law of the State of Texas; (5) they state the date of the offense was committed; (6) it bears the signature of the affiant; and (7) they conclude with the words "Against the peace and dignity of the State." [CR 7]. Appellant was properly noticed of the complaint against him. Thus, the Austin Municipal Court possessed subject matter jurisdiction in this case and the appellant's second point of error should be overruled.

### **RESPONSE TO APPELLANT'S ISSUE III ARGUMENT**

In Issue 3, the appellant argues that the municipal court lacked personal jurisdiction because he was not engaged in transportation and the court lacked standing. The appellant's argument that the Court did not have jurisdiction because he was not engaged in transportation is incorrect.

Appellee has the authority to prosecute Appellant in the Municipal Court of the City of Austin, Texas for violations of state law alleged to have been committed within its territorial limits and the Austin Municipal Court has authority to hear such cases. The State of Texas has the power to regulate driving on state highways and assistant city attorneys have the power to prosecute violations of those regulations. Driving on Texas highways is a privilege and not a right, and is subject to reasonable regulation under the State's police power. Naff v. State, 946 S.W.2d 529, 533 (Tex. App. – Fort Worth 1997, no pet.). Subtitle C of Title 7 of the Texas Transportation Code provides these "Rules of the Road." Chapter 541 provides the definitions for specific terms used within the subtitle. The term "operator" means, "as used in reference to a vehicle, a person who drives or has physical control of a vehicle." Tex. Transp. Code Sec. 541.001(1). The term "motor vehicle" means "a self-propelled vehicle or a vehicle that is propelled by electric power from overhead trolley wires...[not including] an electric bicycle or an electric personal assistive mobility device." Tex. Transp. Code Sec.

541.201(11). The term "transportation" is not defined in this chapter and therefore has no specialized definition.

Appellant was charged by complaint with operating a motor vehicle on a public highway after the fifth working day after the date the registration for the vehicle expired, failure to display a driver's license and failure to maintain financial responsibility within the territorial limits of the City of Austin, Texas. [CR 7]. Appellant did not need to be actively engaged in commerce or in the movement of goods to be subject to the laws of the State of Texas prescribing the "Rules of the Road" within the Texas Transportation Code.

The complaints allege a violation of state law under the Texas Transportation Code, a misdemeanor, which is punishable by fine only. *See* Tex. Transp. Code Secs. 502.401, 502.407. The Texas Code of Criminal Procedure establishes that a municipal court has concurrent jurisdiction with the justice court of a precinct in which the municipality is located in all criminal cases arising under state law that arise within the municipality's territorial limits and that are punishable by fine only. Tex. Code Crim. Proc. Ann. Art. 4.14(b). The appellant's argument that the state was required to demonstrate that the defendant was engaged in a form of commercial transportation is not supported by any statutory or judicial authority and the appellant's third point of error should be overruled.

## RESPONSE TO APPELLANT'S ISSUE IV ARGUMENT

In issue 4, the appellant argues that he did not have to display his driver's license because to do so would violate his right against self-incrimination. It is well settled law that a traffic stop might include investigation such as a check of the driver's license and financial responsibility. Kothe v. State, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004). Pursuant to Tex. Transp. Code Ann. § 521.025 (a)(2), a driver is required to present a driver's license upon request of a peace officer. Requiring that a driver produce a driver's license is not a violation of the person's fifth-amendment protections. As previously stated, driving on Texas roads is a privilege. Naff, supra 946 S.W. at 533. If a person chooses to drive in Texas, they are required to present a driver's license to an officer if requested during a traffic stop.

The appellant was pulled over for having expired motor vehicle registration. [RR 102-103]. The appellant refused to produce his driver's license during a legitimate traffic stop and was subsequently arrested. [RR 132-133]. One of the arresting Officers was able to locate a license in the Defendant's vehicle during the stop. [RR 95]. The appellant argues that he should not have been charged for invoking his constitutional protections. Notwithstanding the fact that the appellant misapplies fifth-amendment right against self-incrimination in this case, the

appellant fails to acknowledge that had a license not have been located, he would have still been identified and charged.

The appellant argues that he was not engaged in transportation and thus he was not required to present documentation to the Officers who conducted the stop. As the initial appeals court noted, production of the documents would have actually exonerated the appellant. Displaying his driver's license and producing proof of financial responsibility would have halted the citing of the appellant for those offenses. A person's vehicle registration is usually displayed on the front windshield, so the violation for that offense was in the plain view of the Officers. In fact, that the expired registration was the basis for the stop. Thus, there was no offense that would make the fifth-amendment protections against self-incrimination relevant in this case. The appellant's belief that production of these documents could be incriminating was unreasonable. The appellant's fourth point of error should be overruled.

## RESPONSE TO APPELLANT'S ISSUE V ARGUMENT

1. **Incident reports prepared by the police through investigation constitute work-product of the State.**

In Issue 9, Appellant argues that he was entitled to receive a copy of an incident report (hereinafter "report") pursuant to his discovery motion. *See* Appellant Brief 48-51. Prosecution is not required to disclose documents that

constitute work-product. Tex. Code Crim. Proc. 39.14 (a). Incident reports prepared by the police through investigation or as offense reports constitute work-product of the State. Ex Parte Miles, 359 S.W. 3d 647, 670 (Tex. Crim. App. 2012); Washington v. State, 856 S.W.2d 184, 187 (Tex. Crim. App. 1993); McCloud v. State, 494 S.W.2d 888, 892 (Tex. Crim. App. 1973); Vasquez Garza v. State, 794 S.W.2d 530, 535 (Tex.App.—Corpus Christi 1990). Hart v. State, 447 S.W.2d 944, 948 (Tex. Crim. App. 1969). Judge Statman properly ruled that the police report constituted work-product of the State and that disclosure was not required. [RR 123]. Moreover, the incident report used by Officer Vest was simply used to refresh his memory of the events and the report was not used as evidence against the appellant. [RR 119]. Meaning, the report was not marked as an exhibit and published for the jury. It was used in the same manner in which a citation would be used by an Officer; it helped him recall the details of the event. The State was required to produce the report upon request from the appellant at trial since it was used to refresh the witness' recollection. However, the State did so and the appellant had the report to use during the trial.

## 2. The Appellant was not harmed by the use of the incident report to refresh the witness' recollection.

The State is required to disclose documents that contain *Brady* material even if those documents would otherwise be protected under the work-product privilege.

Ex Parte Miles, 359 S.W. 3d 647, 670 (Tex. Crim. App. 2012). This is information that is exculpatory or favorable to the accused, and material. Id. Impeachment evidence receives the same treatment as exculpatory information. Strickland v. Washington, 466 U.S. 668, 694 (1984); United States v. Bagley, 473 U.S. 667, 676-683 (1985). In Bagley, the court relied on the Strickland test to determine if information was material and stated, "evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Bagley, 473 U.S. at 682; Strickland, 466 U.S. at 694; *See* Cook v. State, 940 S.W. 2d 623 (Tex. Crim. App. 1996); *See also* Thomas v. State, 841 S.W. 2d 399, 403-407 (Tex. App. Crim. 1992). The incident report did not contain any favorable evidence to the appellant nor did it contain any material evidence that would have affected the outcome of the trial. To find reversible error under *Brady* and *Bagley,* a defendant must show that:

1) the State failed to disclose evidence, regardless of the prosecution's good or bad faith;

2) the withheld evidence is favorable to him;

3) the evidence is material, that is, there is a reasonable probability that had the evidence been disclosed, the outcome of the trial would have been different. Hampton v. State, 86 S.W.3d 603, 612 (Tex. Crim. App. 2002).

Under *Brady,* the defendant bears the burden of showing that, in light of all the evidence, it is reasonably probable that the outcome of the trial would have been different had the prosecutor made a timely disclosure. Id. "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." United States v. Agurs, 427 U.S. 97, 109 S.Ct. 2392 49 L.Ed.2d 342 (1976).

In past cases, Texas courts have addressed the issue of whether it is harmless error when the State fails to disclose an incident or offense report made by a police officer. In McCloud v. State, 494 S.W.2d 888 at 892, the state did not produce the police officer offense report during pre-trial discovery after a discovery order to produce all relevant evidence. Id. The offense report was then used at trial to refresh the officer's memory and was made available to appellant for cross-examination and possible impeachment. Id. The appellant argued that the court committed reversible error by allowing the oral testimony of the officer after using the police report to refresh his memory. Id. at 891. The appellant argued that the use of the offense report was improper because the existence of the offense report had been specifically denied by the prosecution. Id.

The court held that it was not reversible error because the offense report was not introduced into evidence but merely used by the witness to refresh his memory

and, on cross-examination, was made available to defendant for possible impeachment purposes. Id. at 892. Moreover, the court stated that there was no misconduct by the State in failing to produce the offense report because the order granting discovery was not subject to interpretation as requiring production the offense report. Id.

As in McCloud, the use of the incident report at trial was harmless error, if any, because the report was only used to refresh Officer Vest's memory and it was not entered into evidence. Officer Vest was simply using the report to recall events that happened two years prior. The offense report was then given to appellant and he had an opportunity to cross-examine and impeach Officer Vest. The State properly produced the report to the appellant at trial. Additionally, the appellant was given a lunch break in order to review the document. In McCloud, there is no evidence that the appellant was given any type of break to review the offense report. The appellant in this case argues that a lunch break was not enough time to read the incident report and prepare a cross-examination or find impeachment material. However, in Campos v. State, 468 S.W.3d 81, 83 (Tex. Crim. App. 1971), the court expressly stated that the Brady case does not allow for "rummaging" through the state's files in hopes of uncovering some shred of evidence which might be of assistance. Moreover, it is in the trial court's discretion

to determine what constitutes adequate time to review a writing that is used to refresh a witnesses recollection.

In Campos, the appellant did not have any opportunity to inspect a police report and the court still found harmless error. In the case, the appellant requested in camera inspection of offense reports made by trial witnesses, police officers Stovall and Petty. Id. The requests were made by the appellant to determine if the offense reports should be made available to the appellant for cross-examination and possible impeachment. Id. The court refused to make an inspection. Id. The court stated that the offense reports should have been made available to appellant under the 'Gaskin rule.' Id. However, the court held that the error was harmless because an examination by the Court of Criminal Appeals of the offense reports revealed that they were entirely consistent with the testimony of the respective witnesses. Id. at 84. Similar to Campos, the incident report at issue in this case, is entirely consistent with the testimony of Officer Vest and the video that was played in front of the jury.

The appellant makes claims that the Prosecutor, Mathew McCabe purposely withheld the offense report and was lying when he stated that he had not seen the report. The appellant states that it is "utterly absurd to believe that experienced prosecuting attorneys, three of them, could be ignorant of an offense report." Appellant's Brief 17. This statement is false because one of the Prosecutors that he

mentions is the one who delivered the report to him and it misstates the process by which cases are handled by prosecutors at the municipal court. Three prosecutors were not working on this case at the same time and they did not all collaborate on the case and issues. The case was filed in 2012 and finally went to trial in 2014. Over the span of those two years multiple prosecutors worked on the case and documents were continuously being added to files over the course of two years. Given the caseload of each prosecutor, it is not feasible for prosecutors to discuss every single document included in the case file. In the process of cases being reassigned and moving from prosecutor to prosecutor, it is entirely possible that a prosecutor could miss certain items in a file. When Matthew McCabe stated that he did not know of the incident report he was being truthful. He had no reason to withhold the incident report and immediately turned it over to the appellant for cross-examination.

## 3. Appellant fails to state what information could have been used to impeach Officer Vest

Appellant must satisfy the three prongs under Brady. Hampton v. State, 86 S.W.3d 603, 612 (Tex. Crim. App. 2002); Ex Parte Miles, 359 S.W. 3d 647, 666 (Tex. Crim. App. 2012). As stated above, the three prongs consist of showing that the state failed to disclose evidence, the evidence withheld is favorable to

appellant, and the evidence is material. Ex Parte Miles, 359 S.W. 3d 647 at 665. As to the second prong, appellant must demonstrate that the evidence withheld by the State is "favorable" to his case. Id. Favorable evidence is that which, if disclosed and used effectively, "may make the difference between conviction and acquittal." Id. Favorable evidence includes exculpatory evidence and impeachment evidence. Id. Exculpatory evidence is that which may justify, excuse, or clear the defendant from fault, and impeachment evidence is that which "disputes, disparages, denies, or contradicts" other evidence. Id.

Appellant argues that the report contained information he could have used for impeachment. Appellant's Brief 36. However, the appellant fails to detail what information was included in the report that could have resulted in impeachment. Appellant fails to state what information could be used to "disparage, deny or contradict" other evidence. Ex Parte Miles, 359 S.W. 3d 647 at 665. For example, he makes no claim that the officer made incorrect statements about his registration or driver's license. In fact, he gives no specific details whatsoever on what could be used as impeachment. Appellant only states that he needed "more than a lunch hour" to "flush out inherent inconsistencies" with the report. Appellant's Brief 36. Appellant's inability to articulate what was impeachable demonstrates that there were no inconsistencies to find. If there were untruthful or inconsistent statements,

the appellant, knowing what took place during the traffic stop, would have been able to find them in a lunch hour.

Without knowing the information to which the Appellant is referring, it is impossible for the Appellee or the court to determine if there was indeed information that could be used to impeach the officer, if the information was favorable to the accused, or if the information would have been material to the case of the accused. Appellant has failed to show that producing the incident report sooner would have resulted in a different outcome. Moreover, there was no exculpatory information in the police report. The report was just an account of the events that happened. The issue should be overruled.

## PRAYER

Wherefore, the State would, for the reasons stated herein, request that the Court affirm all three of the Judgments of the trial court adjudging Appellant "guilty" and imposing a punishments in the sum total of $954.00.

Respectfully Submitted,

Karen Kennard
City Attorney
State Bar No. 11280700

Matthew McCabe
Assistant City Attorney
State Bar No. 24053347
City of Austin
P.O. Box 2135
Austin, Texas 78768
512-974-4804 [phone]
512-974-1244 [fax]
matthew.mccabe@austintexas.gov

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing document contains 7,798 words (excluding the title page), in compliance with Tex. R. App. P. 9.4.. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

## CERTIFICATE OF SERVICE

I hereby certify that on this the **8** day of **MAY**, 2015, a true and correct copy of the foregoing document has been forwarded to Appellant of record herein via certified mail, return receipt requested, to:

Christopher H. Leverson
313 Middle Lane
Austin, Texas 78753
512-990-1568

Matthew McCabe